IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:03-CR-356-H
No. 5:11-CV-263-H

JAMES NOVIA FARRIOR, )
    Petitioner, )
 )
 )
v. ) **ORDER**
 )
 )
UNITED STATES OF AMERICA, )
    Respondent. )

This matter is before the court on petitioner's motion to vacate his conviction for possessing a firearm after having been convicted of an offense punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. § 922(g)(1) [DE #27]. Relying on the Fourth Circuit's recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), petitioner contends he is actually innocent because at the time he possessed the firearm on June 27, 2003, he had not been convicted of an offense "punishable by a term of imprisonment exceeding one year."

On November 7, 2011, this court determined that petitioner's motion was timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). See 28 U.S.C. § 2255(f)(3) (providing limitations period for

motions involving a right newly recognized by the Supreme Court that is made retroactively applicable to cases on collateral review). This court reasoned:

> The rule announced in Carachuri and made applicable to petitioner's case by Simmons alters the range of conduct or the class of persons that the law punishes. See Schiro v. Summerlin, 542 U.S. 348, 351-52 (2004) (distinguishing between substantive and procedural rules). As such, it is a new substantive right and therefore applies retroactively to cases on collateral review. Id. at 352 ("[Substantive] rules apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of "an act that the law does not make criminal"' or faces a punishment that the law cannot impose upon him." (quoting Bousley v. United States, 523 U.S. 614, 620 (1998))).

(Order dated Nov. 11, 2011 [DE #40].) Finding no evidence of prior convictions that would qualify as predicate offenses for petitioner's conviction post-Simmons, the court ordered the government to show cause, if any, why petitioner's motion should not be granted and petitioner discharged forthwith.

The government responded to the show cause order on November 15, 2011. The government concedes that "[i]f Petitioner's motion is timely then under the particular facts of this case and a reexamination of the record, the Petitioner's motion should be granted." (Resp. Ct.'s Nov. 7, 2011 Order [DE #42] at 2.) However, the government requests that the court reconsider its ruling as to the timeliness of petitioner's motion. The government contends that Carachuri did not announce

2

a new substantive rule that is retroactively applicable on collateral review because it "was not a criminal case and did not narrow the scope of a criminal statute or act to prohibit a certain category of punishment for [a] class of defendants because of their status or offenses." (Id. at 3.) The government points out that the retroactivity issue is currently before the Fourth Circuit and has recently been briefed by the government in United States v. Powell, No. 11-6152 (4th Cir. filed Feb. 2, 2011). Thus, the government alternatively requests that the court hold in abeyance its decision in this case pending the Fourth Circuit's decision in Powell.

The court declines the government's invitation in both respects. The government correctly notes that Carachuri was not a criminal case -- it was an immigration case in which the petitioner faced deportation after having been convicted of drug offenses in state court. The issue before the court was whether the defendant had been convicted of an "aggravated felony" under the Immigration and Naturalization Act. Like Simmons and this case, the issue presented in Carachuri hinged on whether the defendant's prior convictions were punishable by more than a year of imprisonment. The Court rejected the government's contention that the defendant's second conviction qualified because it could have resulted in a sentence exceeding one year

3

had it been prosecuted under federal law based on the existence of the defendant's first conviction. The Court concluded:

> The mere possibility that defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be "convicted of a[n] aggravated felony" before he loses the opportunity to seek cancellation of removal."

Although Carachuri does not speak directly to an interpretation of 18 U.S.C. § 922(g)(1), it does effectively "narrow the scope of the statute," see Bousley v. United States, 523 U.S. 614, 620-21 (1998), by interpreting the term "punishable by a term of imprisonment exceeding one year," as well as alter the class of persons punishable under the statute, see Saffle v. Parks, 494 U.S. 484, 494-95 (1990). As a consequence, it announced a new substantive rule that applies retroactively to cases on collateral review. To hold otherwise would mean that petitioner and others like him "would stand convicted of 'an act that the law does not make criminal,'" Schiro v. Summerlin, 542 U.S. 348, 351-52 (2004) – the very injustice that habeas review is intended to remedy. See Davis v. United States, 417 U.S. 333, 346-47 (1974) ("There can be no room for doubt that [conviction for an act that the law does not make criminal] 'inherently results in a complete miscarriage of justice' and 'presents exceptional circumstances' that justify collateral relief under § 2255.")

4

This court joins those other courts that have determined that reasonable jurists would find the retroactivity of Carachuri debatable, see, e.g., Powell v. United States, No. 5:03-CR-37-13, 2011 WL 32519 (W.D.N.C. Jan. 4, 2011), but finds no reason to delay ruling on this matter, especially in light of the fact that petitioner has been incarcerated for more than six years. Accordingly, the court denies the government's request to hold any decision in abeyance pending the Fourth Circuit's decision in Powell.

The government having conceded the absence of a predicate felony and having offered no reason aside from timeliness to deny petitioner's motion, the court hereby DENIES the government's motion to dismiss [DE #31], GRANTS petitioner's motion to vacate [DE #27] this court's amended judgment entered August 15, 2005, and ORDERS that petitioner be discharged forthwith from the custody of the Federal Bureau of Prisons.

This 17th day of November 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31